UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
PRINCE GREENE and TIMOTHY SAMUELS,

                              Plaintiffs,

               -against-

THE CITY OF NEW YORK, DET. BRIAN R. POLLACK, Shield No. 3166, DET. HECTOR SOTTO, Shield No. 04360, DET. RODRIGO CABALLERO, Shield No. 02002, U.C. No. 29683, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.
---------------------------------------------------------------------------------X

**COMPLAINT**

**06 CV 2062**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs, PRINCE GREENE and TIMOTHY SAMUELS, by their attorney, Jon L. Norinsberg, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs are African-American males and were at all relevant times residents of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times defendants, DET. BRIAN R. POLLACK, DET. HECTOR SOTTO, DET. RODRIGO CABALLERO, U.C. No. 29683 and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. On May 23, 2004 at about 6:25 a.m. on St. Marks Place, plaintiffs PRINCE GREENE and TIMOTHY SAMUELS were lawfully walking between 2nd and 3rd Avenues in the County, City and State of New York.

14. At the aforesaid time and place, plaintiffs were suddenly accosted by several members of the New York City Police Department.

15. Plaintiffs thereafter were arrested and charged with, inter alia, selling drugs to an undercover police officer in exchange for U.S. currency.

16. Plaintiffs had not bought, sold or possessed any drugs on May 23, 2004.

17. In connection with this arrest, defendants filled out false police reports and forwarded these false reports to prosecutors in the New York County District Attorney's Office.

18. Thereafter, defendants repeatedly gave false and misleading testimony throughout all phases of the criminal proceedings.

19. As a result of defendants' unlawful actions, plaintiff PRINCE GREEN spend approximately one week in jail, and TIMOTHY SAMUELS spend approximately one day in jail.

20. Thereafter, both plaintiffs were required to make multiple court appearances to defend themselves against the baseless charges brought against them by defendants.

21. Notwithstanding defendants' unlawful and perjurious conduct, all charges against plaintiffs were dismissed on November 22, 2005 by the Honorable Justice R. White.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

23.     All of the aforementioned acts deprived plaintiffs PRINCE GREENE and TIMOTHY SAMUELS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

26.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

27.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     As a result of defendants' aforementioned conduct, plaintiffs PRINCE GREENE and TIMOTHY SAMUELS were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

29.     As a result of the foregoing, each plaintiffs's liberty was restricted for an extended period of time, and they were put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

30.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants misrepresented and falsified evidence before the District Attorney.

32.     Defendants did not make a complete and full statement of facts to the District Attorney.

33.     Defendants withheld exculpatory evidence from the District Attorney.

34.     Defendants misrepresented and falsified evidence before the Grand Jury.

35.     Defendants did not make a complete and full statement of facts to the Grand Jury.

36.     Defendants withheld exculpatory evidence from the Grand Jury.

37.     Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Greene and Mr. Samuels.

38.     Defendants lacked probable cause to initiate criminal proceedings against Mr. Greene and Mr. Samuels.

39.     Defendants acted with malice in initiating criminal proceedings against Mr. Greene

and Mr. Samuels.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Greene and Mr. Samuels.

41. Defendants lacked probable cause to continue criminal proceedings against Mr. Greene and Mr. Samuels.

42. Defendants acted with malice in continuing criminal proceedings against Mr. Greene and Mr. Samuels.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

44. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Greene and Mr. Samuels's favor on November 22, 2005, when all charges against plaintiffs were dismissed by the Honorable Justice R. White.

45. As a result of the foregoing, plaintiffs's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

46. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued legal process to place plaintiffs PRINCE GREENE and TIMOTHY SAMUELS under arrest.

48. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

49. Defendants acted with intent to do harm to plaintiffs PRINCE GREENE and TIMOTHY SAMUELS , without excuse or justification.

50. As a result of the foregoing, each plaintiffs's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

51. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" as if the same were more fully set forth at length herein.

52. Defendants created false evidence against plaintiffs PRINCE GREENE and TIMOTHY SAMUELS.

53. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

54. Defendants misled the grand jury, the trial judge and the prosecutors by creating false evidence against plaintiffs PRINCE GREENE and TIMOTHY SAMUELS and thereafter providing false testimony throughout the criminal proceedings.

55. In creating false evidence against plaintiffs PRINCE GREENE and TIMOTHY SAMUELS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56. As a result of the foregoing, each plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

57. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58. Defendants arrested and incarcerated Mr. Greene and Mr. Samuels in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs's liberty, well-being, safety and constitutional rights.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

   b) arresting innocent persons wrongfully apprehended during buy-and-bust operations;

   c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

62. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   • **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

   • **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

   • **Leonard Scott v. City of New York**, United States District Court, Southern District of New York, 05 CV 8913;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Phillip Stewart v. City of New York**, United States District Court, Southern District of New York, 05 CV 2375;

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs PRINCE GREENE and TIMOTHY SAMUELS.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by PRINCE GREENE and TIMOTHY SAMUELS as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs PRINCE GREENE and TIMOTHY SAMUELS as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs PRINCE GREENE and TIMOTHY SAMUELS were incarcerated unlawfully and were required to make multiple court appearances until all charges against them were dismisses on November 22, 2005.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs PRINCE GREENE

and TIMOTHY SAMUELS.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs PRINCE GREENE and TIMOTHY SAMUELS's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiffs PRINCE GREENE and TIMOTHY SAMUELS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

70. As a result of the foregoing, plaintiffs PRINCE GREENE and TIMOTHY SAMUELS is each entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs PRINCE GREENE and TIMOTHY SAMUELS each demand judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        March 15, 2006

BY:         /S        
        JON L. NORINSBERG (JN-2133)
        Attorney for Plaintiffs
        225 Broadway, Suite 2700
        New York, N.Y. 10007
        (212) 791-5396