UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

PRINCE GREEN AND TIMOTHY SAMUELS,

                              Plaintiff,

-AGAINST-

CITY OF NEW YORK, DET. BRIAN POLLACK,
SHIELD NO. 3166, DET. HECTOR SOTTO, SHIELD
04360, DETECTIVE RODRIGO CABALLERO, SHIELD
NO. 02002, UC NO. 29683,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

06-CV-2062 (VM) (GWG)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Brian Pollack, and Rodrigo Caballero,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of the court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, Hector Sotto and UC 29683 have not been served with process and are, therefore, not parties to this litigation.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Defendants state that paragraph "5" of the complaint does not set forth averments of fact to which a response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that, upon information and belief, Brian Pollack, UC 29683, and Rodrigo Caballero were and still are employed by the City of New York in the New York City Police Department. Defendants further state that Detective Sotto was employed by the New York City Police Department. Finally, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint sets forth legal conclusions to which no response is required.

11. Defendants state that the allegations set forth in paragraph "11" of the complaint sets forth legal conclusions to which no response is required.

12. Defendants state that the allegations set forth in paragraph "12" of the complaint sets forth legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was present on St. Marks Place at approximately 6:25 a.m. on May 23, 2004.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiffs were arrested on May 23, 2004.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that the charges appear to have been dismissed.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "20" of the complaint, inclusive of this answer, as if fully set forth herein.

22. .Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "26" of the complaint, inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "29" of the complaint, inclusive of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "45" of the complaint, inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "50" of the complaint, inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "56" of the complaint, inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint and each sub-part.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint and each sub-part.

70. Deny the allegations set forth in paragraph "70" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

71. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

72. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith, in the exercise of its discretion. Consequently, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

74. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and/or or non-parties and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

75. Plaintiff provoked the incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

76. Punitive damages cannot be awarded as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

77. Plaintiff failed to comply with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

78. The individual defendants did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, the individual defendants are entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194 (2001).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

79. Plaintiff's claims may be barred by the doctrines of collateral estoppel and/or the doctrine of res judicata.

**WHEREFORE**, City defendants request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 26, 2006

    MICHAEL A. CARDOZO
    Corporation Counsel of the
    City of New York
    Attorney for Defendants City, Pollack, and Caballero
    100 Church Street, Room 3-189
    New York, New York 10007
    (212) 788-0893

By: _____
    SHERYL BRUZZESE (SB 5680)
    Assistant Corporation Counsel

To: Jon L. Norinsberg
    225 Broadway, Suite 2700
    New York, N.Y. 10007